## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| MAY CHEN, | * |
| Plaintiff, | * |
| v. | * Case Nos.: PWG-13-2564 |
| | * and PWG-13-2565 |
| PRINCE GEORGE'S COUNTY and SPRINGFIELD HOSPITAL CENTER, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

May Chen, acting *pro se* and *in forma pauperis*, has filed two actions in this Court, both of which have been assigned to me. The first, *May Chen v. Prince George's County, et al.*, PWG-13-2564, appears to be a habeas corpus action, in which Ms. Chen states that she was committed to Springfield Hospital Center, a mental health facility, by order of the Prince George's County District Court for the State of Maryland. Pet. ¶ I, ECF No. 1 in PWG-13-2564. Ms. Chen claims that she "is a victim of burglary, grand theft, severe discrimination, trespassing, extremely louder [sic] noise in residencial [sic] area, severe harassment, property damage, stolen vehicle in my property, first degree assault, mental abuse, breach [of] police officer's duty, fail[ure] to provide federal funds assistance, lost [sic] of family member, fail[ure] to provide appeal right etc." *Id*. ¶ IV. She also "challenge[s] the wrongful action and decision . . . regarding . . . 'mental disorder.'" *Id.* The second, *May Chen v. Prince George's County, et al.*, PWG-13-2565, appears to be a civil action in which Ms. Chen alleges a "hearing right violation, [a] privacy right violation, [a] civil rights violation, [a] HIPAA violation and [a] Patient Safety

[Act of] 2009 violation." Compl. ¶ III, ECF No. 1 in PWG-13-2565. I use the phrase "appears to be" because the pleadings largely are incomprehensible.

An inquiry of the Maryland Judiciary Case Search database, http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp, reflects that the Circuit Court for Carroll County entered an order on September 12, 2013 (the "Guardianship Order") appointing a Guardian for both the person and property of Ms. Chen. The former is Frank Valenti, Director of the Carroll County Department of Social Services, or his designee; the latter is Robin Weisse, Esquire, an attorney in private practice with extensive experience in guardianship proceedings (collectively, the "State Guardians"). A copy of this order is attached to this Memorandum and Order as Attachment A. The Guardianship Order states, relevantly, "May Chen lacks sufficient understanding or capacity to make or communicate responsible decisions concerning her person, including provisions for health care, because of her mental disability of psychosis, not otherwise specified." Guardianship Order ¶ 1. Further, it states "May Chen is unable to manage her affairs and property effectively because of her mental disability of psychosis, not otherwise specified." *Id.* ¶ 3.

> Fed. R. Civ. P. 17(c)(2) states:
>
> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

With respect to Rule 17(c)(2), the Fourth Circuit has observed that "[t]he practical problem presented by a case in which a presumably competent party might be thought to be acting oddly, or foolishly, or self-destructively in prosecuting or defending a civil lawsuit, with or without counsel, is a real one," adding that "[p]arties to litigation behave in a great variety of ways that might be thought to suggest some degree of mental instability. Certainly [Rule 17(c)(2)]

contemplates by 'incompetence' something other than mere foolishness or improvidence, garden-variety or even egregious mendacity, or even various forms of the more common personality disorders." *Hudnall v. Sellner*, 800 F. 2d 377, 385 (4th Cir. 1986). That said, Rule 17(c)(2)

> undoubtedly contemplates . . . that form of mental deficiency which—whether or not unaccompanied by other forms of personality disorder—affects the person's practical ability "to manage his or her own affairs." This is the general test applied by the civil law for making adjudications of "incompetency" for a variety of purposes.

*Id*. And, as is the case here, "[o]bviously if there has been a legal adjudication of incompetence and that is brought to the court's attention, the Rule's provision is brought in play." *Id*.

While Rule 17(c)(2) allows the court to appoint a guardian ad litem, it does not compel it to do so, but rather grants it considerable discretion to issue an "appropriate order" to protect the interest of an unrepresented incompetent litigant. As another court within the Fourth Circuit has noted, the provisions of the Rule "permit, but do not compel, a court to appoint a guardian ad litem . . . . However, once the matter has been brought to the Court's attention, it is required to consider and decide the issue." *Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 542, 543 (M.D.N.C. 1996).

In the case of Ms. Chen's two actions pending before me, there is undeniable evidence that she has been adjudicated by a state Circuit Court to be incompetent to make responsible decisions concerning her person and property, because of a mental disorder—"psychosis, not otherwise specified." Guardianship Order ¶¶ 1 & 3. The state court has appointed guardians both for her person and property. Given that they already are familiar with Ms. Chen's condition and have been charged with protecting her personal and property interests, it would be appropriate for me to bring to the attention of the State Guardians the lawsuits pending before me, and ask

them to "assist the court in determining the propriety of [Ms. Chen's] continued participation in the litigation" in this Court. *Fonner v. Fairfax Cnty., VA*, 415 F.3d 325, 330 (4th Cir. 2005).

Accordingly, it is this 10th day of October, 2013 ORDERED that:

1. A copy of this Memorandum and Order and the accompanying orders appointing guardians ad litem, as well the pleadings filed by Ms. Chen in *May Chen v. Prince George's County, et al.*, PWG-13-2564, and *May Chen v. Prince George's County, et al.*, PWG-13-2565, shall be mailed, certified mail, by the Clerk's Office to: (a) Mr. Frank Valenti, Director of Carroll County Department of Social Services and Guardian for the person of Ms. May Chen, 1232 Tech Court, Westminster, Maryland 21157; and (b) Robin Weisse, Esquire, the Weisse Miller Law Group, 7543 Main Street, Suite 101, Sykesville, Maryland 21784;

2. Mr. Valenti and Ms. Weisse respectfully are requested to advise me, in writing, within 60 days of this Order, of their recommendations regarding the propriety of Ms. Chen's continued participation in the litigation referenced above. In this regard, I am designating them as guardians ad litem in these cases and they are authorized under Fed. R. Civ. P. 17(c)(2) to take action on her behalf in the above-referenced cases. A separate Order shall be issued to this effect.

3. Until such time as Mr. Valenti and Ms. Weisse have filed their recommendations, the above cases shall be STAYED.

                                                                              /S/
                                                                  Paul W. Grimm
                                                                  United States District Judge